## HAMMACK *v.* STATE.

### [75 South. 436, Division A.]

BANKS AND BANKING. *Offenses. Passing worthless checks.*

> Under Laws 1916, chapter 120, providing that any person who with intent to defraud shall obtain money, etc., by means of any check upon any bank, knowing at the time of making or drawing such check, or uttering it that he has not sufficient funds in such bank for its payment, shall be guilty of a misdemeanor or a felony, depending on the amount of the check, where the defendant told the prosecuting witness he did not have sufficient money in the bank to cover his check given the prosecuting witness, but promised that he would deposit funds to protect the check, such case did not come within the statute, since defendant perpetrated no fraud by giving the check, but the only wrong done was in the failure to comply with his promise to deposit the money to cover the check.

APPEAL from the circuit court of Forest county.
HON. P. B. JOHNSON, Judge.

W. G. Hammack was convicted of perpetrating a fraud by giving a worthless check and appeals.

The appellant was tried upon the following indictment, omitting the caption, to wit:

"That W. G. Hammack, on the 7th day of November, 1916, in Forrest county aforesaid, acting for himself or as agent and manager of the Lomo Amusement

Company, a corporation, feloniously intending to defraud, did obtain from one W. W. Moore the sum of thirtysix dollars and twenty-five cents in lawful money of the United States of America, and of the value of thirty-six dollars and twenty-five cents by means of making and drawing and delivering to the said W. W. Moore a certain bank check for the payment of money of the following tenor, to wit: 'Hattiesburg, Miss., Oct. 17, 1916. Pay to the order of W. W. Moore, $36.25, thirty six and 25/100 dollars. The Lomo Amusement Co., W. G. Hammack, Mgr. To the First National Bank of Commerce, Hattiesburg, Miss. 85—48' —the same being drawn upon the said First National Bank of Commerce of Hattiesburg, Miss., the said W. G. Hammack then and there well knowing at the time of the making or drawing such check and uttering and delivering the same that the said Lomo Amusement Company, nor himself as manager had not sufficient funds in, or credit with, the said bank for the payment of such check in full upon its presentation, and that the said check was presented to said bank for payment by the said Moore within thirty days after the same was delivered to him by the said W. G. Hammack, and that the same was not and has not been paid by the said bank, against the peace and dignity of the state of Mississippi.''

It appears from the record that appellant told Moore that he did not have enough money in the bank to cover the check, but that he would deposit an amount sufficient to cover same the next day. The check was presented the next day and on numerous other occasions subsequent thereto, but appellant did not deposit funds to protect same, and at the next term of the court the grand jury presented the indictment above set out. Chapter 120, Laws 1916, provides as follows:

''Any person, acting for himself or another, who with intent to defraud shall obtain money, credit, goods, wares, or anything of value by means of making or

drawing, or uttering or delivering any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of making or drawing such check, draft or order, or of the uttering or delivering of same, that he has not sufficient funds in or credit with such bank or other depository for the payment of such check, drafts or order in full, upon its presentation, provided that all such checks, drafts or orders shall be presented by the payee or assignee thereof to such bank or depository for payment within thirty days from the date of said draft, check or order, shall be guilty of a misdemeanor, if the amount of such check, draft or order be under twenty-five dollars and he shall be guilty of a felony if the amount of such check draft or order be twenty-five dollars or more, and upon conviction thereof shall be punished as in other cases for obtaining money or goods under false pretenses. The failure of the person drawing, uttering or delivering such check, draft or order to pay or have paid the amount of same within ten days after receipt by him of written notice of its nonpayment upon presentation, shall be *prima facie* evidence of obtaining the amount of said check, draft or order, or of the goods or the property obtained by the giving of said check, draft or order by the person giving or drawing or uttering same, under false pretenses, within the meaning of this act, and mailing, postpaid, to the post-office address of the maker, drawer or utterer of such check, draft or order, shall be *prima-facie* evidence of the receipt of such notice.''

*Clide R. Conner,* for appellant.

There are numerous errors complained of by appellant, but the one which we think goes to the very vitals of this case was the refusal of the court, at the close of the testimony to grant a peremptory instruction for the defendant. This is the first time our court has been called

upon to construe the recent act of the legislature, making it unlawful to give a check without sufficient funds in the bank to cover it.

The following elements have to be included in order to make the giving of a check without sufficient funds in the bank to cover it an offense; first, the party who issues the check must do so with the intent to defraud; second, after conceiving the intent to defraud, it is necessary that the party shall obtain money, credit, goods, wares or anything of value by means of making or drawing a check; third, at the time of drawing the check with the intent aforesaid, the party must know that he has not sufficient funds in the bank with which to pay the check, and lead the person who accepts the check to believe that the funds are in the bank to take care of the check; and, fourth, the party who receives the check must part with something of value as a consideration for the same.

As heretofore stated, this law has never been passed upon by our court. However, section 1166 of the Code of 1906, has been passed upon in a recent case by Chief Justice MAYES. This section reads as follows: "That every person, who with the intent to cheat or defraud another, etc." Justice MAYES, in the *Pitman case,* reported in 101 Miss. 553, held that: "in order to constitute an offense under this section, the false pretense relied upon must be accompanied by something more than a mere false statement of fact, whereby money or other valuable thing is obtained from another. Such false statement must also be accompanied by an intent to cheat or defraud the person from whom the money is obtained.

We unhesitatingly assert that there is not a particle of evidence nor a single circumstance in this record which goes to show that Hammack intended to defraud Moore out of anything at the time he executed the check on which this indictment was returned.

Now the second proposition laid down, is that Hammack nor the Lomo Amusement Company never received anything of value from W. W. Moore when Hammack executed the check for thirty-six dollars and twenty-five cents.

Not only is it necessary that the defendant should know at the time he issued the check with the intent to defraud and obtain the money, etc., that he has not sufficient funds within the bank, but he must mislead, the party who accepts the check into believing that there are funds in the bank at his disposal with which to pay the amount of the check. In other words, a man cannot commit a fraud unless he misleads or deceives someone into doing something he would not have done had he known the truth as it then existed. There is not a particle of testimony nor a circumstance in this record which intimates that Moore thought the money was in the bank for the check at the time he accepted it and dismissed the prosecution. On the contrary, both Moore and Hammack testified that at the time the check was issued, on the 16th day of October, and dated the following day Hammack told Moore that he did not have the money in the bank.

Finally, we think that this peremptory instruction should have been granted because on the facts of this case to have convicted this appellant for giving a check on the 16th day of October and post dating it for the 17th was purely and simply a promise on the part of Hammack to pay the thirty-six dollars and twenty-five cents one day after date, and if the conviction can be sustained on that state of facts under this chapter it would be in direct contravention of section 30 of the Constitution of the state of Mississippi, which provides that there shall be no imprisonment for debt.

*Earle W. Floyd,* Assistant Attorney-General, for the state.

The appellant contends that the state has failed to make out its case and consequently a peremptory instruction should have been granted to him. He alleges that there was no intent to defraud as he entertained the *bona-fide* belief that the checks would be paid out of the proceeds of the draft to be drawn on Joiner, and was so advised by Mr. McPhate the agent of Joiner.

However, this explanation only goes to the checks first issued and is not related to the latter transaction involving the check for thirty-six dollars. When this check was given to secure the dismissal of the prosecution the appellant, according to Moore, the constable, told him that he did not have quite all the money in the bank but would have it when the check was presented the next afternoon.

The constable, relying on his statement, dismissed the case and found that upon the presentation of the check the next day the appellant had only about eighty cents to his credit. He therefore made a false statement as to what he had on deposit at the time he gave the check and coupled this false statement of an existing fact with a concurrent promise to have the balance on deposit the next day.

The false pretense is not neutralized by the concurrent promise, nor is it necessary to support the conviction that the person defrauded would not have yielded to the pretense without the promise provided the statement as to the existing fact was the operative cause of the acceptance. A post-dated check under such circumstances may constitute the crime of false pretense. Wharton's Criminal Law, section 1438.

The foregoing goes to the inherent falsity of the statements without reference to the intent, but when the jury were given evidence that the appellant was a somewhat frequent offender in respect to the habit of

issuing worthless checks, it had before it sufficient evidence to warrant the belief that the check in question was given with fraudulent intent.

Certainly, such evidence of other instances of the kind was properly admitted as it tended to show a habit, design or specific intent. Underhill on Criminal Evidence, section 438.

It is not sufficient to negative such intent that the appellant did not intend to deprive the payee of the check permanently of the amount named therein as a mere intention to repay or make amends later does not take the offense out of the statute. The intention to secure for himself something of value by making the false statement relied upon is sufficient to make out the state's case, and the facts adduced seems sufficient to uphold the jury's verdict on the question of intention.

However, the appellant contends that the state has not met the burden of proving that the appellant received anything of value for the check when he gave it to the constable, and moreover, that the consideration being for the dismissal of a criminal prosecution, the transaction was void and of no effect as the basis of a prosecution in this case. However, I submit that the first statement is not a fact and the latter not the law in reference to this contention. The authorities lay down very forcibly the rule that the illegality of the consideration is no defense to a prosecution for obtaining goods under false pretense. *Horton* v. *State* (Ohio Case.), Ann, Cases 1913B, p. 92.

The learned counsel for the appellant earnestly contends that the proof of the state is not sufficient to support the requirements of the statute. This is the first time that the construction of this act has been before this court, but the case presents no new principle of law or facts that has not been before this court in constructing kindred statutes. The facts of the instant case may admit of doubt as to the intention of

the appellant but it is sufficient to say that the jury resolved them against the accused and had before it evidence that may have easily warranted the belief.

SMITH, C. J. delivered the opinion of the court.

The appellant perpetrated no fraud on Moore by giving him the check here in question; for he informed Moore at the time that he did not have sufficient funds in or credit with the bank on which it was drawn for its payment. The wrong, if any, which was done Moore by appellant was, not giving him the check, but failing to comply with his (appellant's) promise to deposit sufficient money with the bank to cover it. The case, therefore, does not come within the intent of chapter 120, Laws of 1916, so that the judgment of the court below will be reversed, and appellant discharged.

*Reversed.*