The PEOPLE OF THE STATE OF NEW YORK on the Complaint of MAX INDIG, Plaintiff, *v.* SAM KAPITOFSKY, Defendant.

City Magistrate's Court, City of New York, Borough of Brooklyn, Fifth District, August 11, 1932.

*Bergner, Millendorf & Bergner*, for the complainant.

*Edward I. Garvar*, for the defendant.

RUDICH, J. The defendant is charged with violating section 1292-a of the Penal Law as a misdemeanor, in that his check of $183, dated May 7, 1932, given in payment of an antecedent

debt, was returned because of insufficiency of funds. Considerable testimony was adduced by both sides bearing on the issue as to whether the check was actually delivered on May seventh or was delivered a week earlier, thereby making this a postdated check. Were this the sole question in the case I would hold the defendant for trial in the Court of Special Sessions, since it cannot be said that the testimony in behalf of the defendant on that point is so overwhelming as to leave no room for the triers of the facts to come to a contrary conclusion.

However, the defendant set up another ground for dismissal, and on that point the testimony in his behalf was not refuted. He says that when he delivered the check to the complainant's salesman there was an express understanding between them that it was not to be deposited for about ten days, since his funds in the bank at that time were not sufficient to meet the payment. In that respect he is corroborated by the complainant's salesman. The latter further says that the complainant acquiesced in this arrange-ment, but instead of holding it for ten days deposited it five days after its date, as appears from the bank indorsements on the back of the check. This circumstance, as well as the undenied testimony, leads to the conclusion that there was an agreement between the parties to refrain from immediate presentation of the check for payment. Thus an issue of law, not one of fact, is squarely presented, as to whether such an agreement between the maker and the payee of a check bars a prosecution under this statute.

While there are no reported cases in this State on the point involved, I 'can see no essential difference, upon either principle or reason, between an agreement to postpone the depositing of a check and an acceptance of a postdated check. Under the latter circumstance it is now well settled that there can be no criminal prosecution under this section. (*People* v. *Mazeloff*, 229 App. Div. 451.) The theory upon which that case was decided is that a postdated check is in effect a promissory note, the very act of dating the check ahead being tantamount to an express declaration that it would not be paid if presented at once. Analogously, when the complainant here consented to withhold the check from deposit he signified that he knew that the defendant's funds in the bank were less than the face amount of the check. He relied upon the defendant's promise, express or implied, to make it good at a later date.

The presumption of fraud which this statute creates from the mere dishonoring of a check is not a conclusive one; it may be rebutted by facts such as have been shown here. (*People* v. *Humphries*, 226 App. Div. 500.) The statutory presumption having

been overcome, it became necessary for the complainant to establish by independent evidence the defendant's intent to defraud. Proof of such intention was wholly lacking and for that reason this proceeding must fail.

The following authorities in jurisdictions outside of New York are directly in point and sustain the conclusion arrived at in this case: *People* v. *Jacobson* (248 Mich. 639); *Turner* v. *Brenner* (138 Va. 232); *Hammock* v. *State* (114 Miss. 611).

Proceeding dismissed.