180 So.2d 347 (1965)
Frank E. COLD, Appellant,
v.
Jennings CLARK and Reynolds Aluminum Supply Co., Appellees.
No. 5281.
District Court of Appeal of Florida. Second District.
November 23, 1965.
*348 George W. Phillips, of McDonald & Phillips, Tampa, for appellant.
F. Ronald Fraley, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellees.
McDONALD, PARKER LEE, Associate Judge.
The appellant was the Plaintiff below in an action for malicious prosecution which he brought against the appellees. At the close of the plaintiff's case, the trial judge directed a verdict for the defendants. The plaintiff appeals from the judgment entered thereon.
The appellant had been an employee of Reynolds Aluminum Supply Co. from August 15, 1962, to April 24, 1963. The appellee, Jennings Clark, had hired the appellant and on April 24, 1963, fired him.
As a part of his employment, the appellant had been given the use of an automobile leased to Reynolds Aluminum Supply Co. Mr. Clark personally had placed the vehicle in the hands of the appellant. Early in the morning on April 25, 1963, Mr. Clark called the appellant (who incidently resided in Tampa with the appellees' office being in St. Petersburg) and demanded immediate possession of the automobile. The appellant refused to surrender possession. Later in the morning Mr. Clark sent another employee of Reynolds Aluminum Supply Co. to the home of the appellant who advised the appellant that he had been instructed to pick up the automobile. The appellant refused him possession. The reasons expressed were that he wanted the demand for possession in writing and/or he wanted a release from all liability in reference to the automobile before he surrendered it. The appellant contends that the effective date of the termination of his employment was to be May 2, 1963, but in the proceedings below he never claimed that this gave him the right to retain possession of the automobile until that time.
On the same day, April 25, 1963, Jennings Clark proceeded to the office of the Justice of the Peace and after consultation with that office swore out a warrant for the arrest of the appellant, charging him with the use of a motor vehicle without the owner's consent. The appellant was thereafter arrested. At the preliminary hearing on April 26, 1963, the Justice of the Peace dismissed the case.
At the trial, counsel for the appellant introduced the docket sheet showing the dismissal of the action, interrogated Mr. Jennings Clark extensively, and introduced testimony of the appellant and others. At the close of the Plaintiff's case, the trial court granted a motion for a directed verdict on the grounds that the record failed to reflect an absence of probable cause.
*349 All parties agree that the absence of probable cause is an essential element in a suit for malicious prosecution. Tatum Bros. Real Estate and Investment Co v. Watson, 92 Fla. 278, 109 So. 623. Probable cause for a criminal prosecution has been defined as a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or as some courts put it, a prudent, man in the belief that the party is guilty of the offense with which he is charged; as the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted, and as such facts and circumstances as, when communicated to the generality of men of ordinary and impartial minds, are sufficient to raise in them a belief of real, grave suspicion of the guilt of the person. 34 Am.Jur. 731.
In an action for malicious prosecution, the question of probable cause is a mixed question of law and fact. When the facts relied on to show probable cause are in dispute, their existence is a question of fact for the determination of the jury; but their legal effect, when found or admitted to be true, is for the court to decide as a question of law. Anderson v. Bryson, 94 Fla. 1165, 115 So. 505, at 506.
We have carefully reviewed the record and the testimony introduced by the appellant and it is the conclusion of this Court that there were no facts in dispute which would indicate a lack of probable cause as defined above.
The appellant earnestly submits that the action of the Justice of the Peace in dismissing the criminal action brought by the appellees makes a prima facie showing of lack of probable cause and the Court was required to submit the case to a jury. Unfortunately for the appellant, the facts presented in his case in chief clearly refute any prima facie character that the dismissal of the action by the Justice of the Peace may have indicated, and the principle of law urged by the appellant, even if it were accepted by this Court, would have no application in this case because of the total evidence introduced.
It appears clear that there was no evidence, though considered in the light most favorable to the appellant, upon which a jury could lawfully have returned a verdict in his favor. The trial court was correct when he directed a verdict and his action is hereby affirmed.
SHANNON, Acting C.J., and LILES, J., concur.