KANNER, Judge (Ret.).
A summary judgment was entered by the circuit court for the defendant-appellee, Herbert Hamic, in a malicious prosecution action filed by the plaintiff-appellant, Clark Stone, the court finding there was no dispute of any facts that would authorize a jury to return a verdict for the plaintiff.
The action against Hamic grew out of Stone’s arrest pursuant to a warrant issued by the justice of the peace upon the affidavit of Hamic charging that Stone, in violation of section 836.05, Florida Statutes, F.S.A., threatened an injury to Hamic with intent to compel him to withdraw a divorce action against his wife naming Stone as corespondent. After a preliminary hearing, the committing magistrate dismissed the complaint, whereupon the defendant in that case, Stone, became the plaintiff in the present action for malicious prosecution.
Hamic, moving for summary judgment, filed a transcript of the preliminary hearing held by the justice of the peace, along with three affidavits sworn to, respectively, by a person who testified at the preliminary hearing as Hamic’s witness, by Hamic’s former attorney, and by the committing magistrate. Opposing the motion, Stone made and filed a counteraffidavit.
As to the affidavits filed by Hamic, the first mentioned affiant stated he was having lunch with Hamic when Stone approached and told Hamic he wanted to speak to him, that Stone and Hamic walked to a nearby window and began a heated discussion which the affiant overheard. He said Stone told Hamic that if Hamic did not withdraw the charges in the divorce action implicating Stone he would “ ‘destroy’ ” him; further, that Stone persisted in telling Hamic he would be “ ‘ruined’ ” and “ ‘destroyed’ ” if he did not do so. The attorney’s affidavit recited that he had advised Hamic to report to the justice of the peace the facts of what took place between himself and Stone and to tell him he was not actively applying for a warrant but would sign any affidavit in support of one if so directed.
There was filed no affidavit executed by Hamic himself in support of his motion. The committing magistrate, however, in his affidavit stated his conclusions and his view of Hamic’s versions as given prior to and at the preliminary hearing. He narrated that Hamic in reporting the facts leading to issuance of the warrant had said Stone told him he would “ ‘destroy’ ” Hamic or would “ ‘ruin’ ” him if he did not withdraw the divorce complaint naming Stone as corespondent. He found the facts initially presented to him by Hamic, he attested, to be in substance the same facts which Hamic gave at the preliminary hearing, but he stated as an exception that from *910 the cross-examination of Hamic at the hearing the only conclusion that could he drawn was that Stone had stated “ ‘I will destroy (or ruin) you’ ” or “ T could destroy (or ruin) you’ ” or “ ‘it would destroy (or ruin) you’ ” as opposed to Hamic’s earlier statement to the effect that the words used by Stone were “ T will destroy (or ruin) you.’ ” The magistrate voiced the conclusion he had drawn upon completion of the hearing that “there was doubt as to whether the testimony was sufficient to establish probable cause and in view of all attendant circumstances that the doubt should be resolved in favor of the defendant, Clark Stone.”
Stone, by his counteraffidavit, attested that in the conversation with Hamic he had told Hamic that his action in the divorce suit could only serve to “ ‘destroy nine lives’ ” and “ ‘ruin’ ” Hamic, that the “ ‘nine lives’ ” referred to were affiant, his wife and three children and Hamic, his wife and two children; that the word “ ‘ruin’ ” referred to Hamic’s bringing ruin upon himself and his business as a result of his actions; and that “at no time and on no occasion did affiant make a statement that affiant would destroy or ruin Herbert Hamic.”
The above summary of the affidavits discloses that there is a dispute in the versions of what transpired between Hamic and Stone. As to the testimony given earlier at the preliminary hearing before the justice of the peace, it appears there were three witnesses who testified, but the only ones to testify about the subject conversation were Hamic and the previously mentioned affiant who stated he overheard what was said. Our reading of the transcript of the hearing produces no changing result with respect to the existence of a dispute of facts as evidenced by the affidavits.
Essentially, the positions of the parties is that appellant asserts and appellee denies that there was a genuine issue of material fact; also, appellee urges that the element of probable cause existed, while appellant takes the opposite view.
A summary judgment should be granted but sparingly and only in cases where there remains no genuine issue of any material fact; if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted. Williams v. City of Lake City, Fla.1953, 62 So.2d 732. In an action for malicious prosecution, probable cause is a mixed question of fact and law. When the facts relied upon to show probable cause are in dispute, their existence is a question of fact for the jury to resolve; the legal effect of such facts, when found or admitted to be true, is a question of law for the court to decide. Cold v. Clark, Fla.App.1965, 180 So.2d 347; Anderson v. Bryson, 1927, 94 Fla. 1165, 115 So. 505.
We are not here concerned with a record that reflects a trial on the merits but only the record as it stood when the court entered its judgment. From our review we find there is such a conflict in the evidence as to preclude summary judgment. We therefore reverse the judgment and remand the cause for further proceedings consistent with this opinion.
LILES, Acting C. J., and HOBSON, J., concur.