215 So.2d 487 (1968)
Beverly LIABOS, As Administratrix of the Estate of George P. Liabos, Deceased, Appellant,
v.
Gale HARMAN, Robert Teates, and Publix Super Markets, Inc., Appellees.
No. 68-5.
District Court of Appeal of Florida. Second District.
October 25, 1968.
As Modified on Rehearing November 27, 1968.
John C. Dent, Jr., and Herb Blessing, of Lee & Blair, Sarasota, for appellant.
David S. Yost, of Cramer, Robinson, Ginsburg & Ross, Sarasota, for appellees.
LILES, Chief Judge.
George Liabos, the deceased appellant, was arrested on warrants charging him with the crime of issuing worthless checks. The warrants were issued upon affidavits signed by appellees, Gale Harman and Robert Teates, both of whom were employed by Publix Super Markets, Inc., and both of whom were acting within the scope of their employment. Harman and Teates acted after several fellow employees visually identified George Liabos as the individual who had passed a number of worthless checks in Publix stores. Neither appellee, however, *488 was an eye-witness to the passing of the checks; both acted solely upon information given them by others and apparently overlooked or ignored certain information casting a large measure of doubt on their conclusion regarding Liabos. They investigated Liabos' reputation with the Publix store in his community, for example, and found that he was considered to be both trustworthy and honest. In addition, they found that he was gainfully employed, and considered trustworthy by his employer. Further, they found that he drove a different car from that ascribed to the bad check artist, and that while the real culprit wore glasses, Liabos did not.
Despite these discrepancies, appellees signed the affidavits and Liabos was arrested. He was allowed to post bond, but only after he was detained in the custody of the police for several hours. The following day one Jess Leland Roberts was arrested and confessed to passing the worthless checks in question, whereupon Liabos was released from bond and the charge against him was dropped.
Appellant subsequently brought this suit for malicious prosecution against Harman, Teates, and Publix Super Markets, Inc. Appellees filed a motion for summary judgment, which the trial court granted, and this appeal ensued. Thereafter George Liabos died and his wife, as his administratrix, was substituted for him in this proceeding.
The issue before us is whether the court properly granted defendant-appellees a summary judgment in light of the facts disclosed.
It is well established in Florida that an action for malicious prosecution lies where the following elements concur:
1) the commencement or continuance of an original civil or criminal judicial proceeding;
2) its legal causation by the present defendant against the plaintiff;
3) its bona fide termination in favor of the plaintiff;
4) the absence of probable cause for such prosecution;
5) the presence of malice; and
6) damage conforming to legal standards resulting to plaintiff.
Duval Jewelry Co. v. Smith, 1931, 102 Fla. 717, 136 So. 878, 880; Tatum Bros. Real Estate & Inv. Co. v. Watson, 1926, 92 Fla. 278, 109 So. 623; Wilson v. O'Neal, Fla.App. 1960, 118 So.2d 101; W. Prosser, Torts § 113 (3d ed. 1964). There is no doubt, and it is not seriously disputed, that five of these elements exist in the instant case. The only real controversy concerns whether or not the appellees had probable cause to institute the criminal proceedings against Liabos.
It should first be noted that the lack of probable cause is a mixed question of law and fact. Cold v. Clark, Fla.App. 1965, 180 So.2d 347. That is to say, when the facts relied on to prove a lack of probable cause are in dispute, their existence is to be determined by the jury as a question of fact. Their legal effect, on the other hand, is to be determined by the court, but only after these facts are admitted or found to be true. Anderson v. Bryson, 1927, 94 Fla. 1165, 115 So. 505; Cold v. Clark, supra.
Probable cause has been properly defined as:
"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."
Dunnavant v. State, Fla. 1950, 46 So.2d 871, 874; see also Thompson v. Taylor, Fla.App. 1966, 183 So.2d 16, 19; Cold v. Clark, Fla. App. 1965, 180 So.2d 347, 349. That is to say, in order for probable cause to exist the countenance of the situation must be such that a prudent man would set in motion the forces of a criminal proceeding. And where it would appear to a "cautious man" that further investigation is justified before *489 instituting that proceeding, then liability may attach for the failure to do so.
Summary judgment in an analogous case was reversed in O'Brien v. Food Fair Stores, North Dade, Inc., Fla.App. 1963, 155 So.2d 836.
In the present case, a jury may well decide that further investigation was warranted by the facts. We therefore reverse the decision of the lower court and remand for action consistent with this opinion.
PIERCE and MANN, JJ., concur.