289 So.2d 767 (1974)
Frances B. PRIEST, Appellant,
v.
C.A. GROOVER and the Great Atlantic & Pacific Tea Company, Inc., a Maryland Corporation Licensed to Do Business in Florida, Appellees.
No. 72-871.
District Court of Appeal of Florida, Second District.
February 6, 1974.
Rehearing Denied March 7, 1974.
*768 Cheves & Hazen, Venice, for appellant.
H. Glenn Waddell, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
HOBSON, Judge.
This is an appeal from a final judgment entered on a directed verdict for the defendants-appellees in a malicious prosecution action at the close of plaintiff-appellant's case.
Appellant was the maker of a check payable to one Paul Majeau. On the face of the check was a notation "on account for 2 Zenith T.V.'s color sets." Paul Majeau presented the check to the appellee, C.A. Groover, manager of one of the appellee's supermarkets for a period of eight and one-half years. Groover cashed the check for Majeau who had purchased some groceries in the A & P. Subsequently the check was returned to the A & P marked "Payment stopped."
At this point there is a conflict in the facts as to whether or not Groover called Mrs. Priest to inquire into whether or not she would honor the check. Mrs. Priest testified that she had never spoken to Mr. Groover concerning the check. Mr. Groover testified that he had called and spoke to a lady who identified herself as Mrs. Priest and inquired of the check.
Mr. Groover then took the check to the Justice of the Peace and disclosed to him all of the facts surrounding the check. The Justice of the Peace told Mr. Groover that his court would handle it, at which time Mr. Groover signed an affidavit which stated that Mrs. Priest knew the check was worthless and published it with intent to injure and defraud. A warrant was issued upon which Mrs. Priest was arrested. The Justice of the Peace dismissed the charge when he learned from Mrs. Priest that payment was stopped because Majeau did not deliver the television sets.
In the instant case the trial judge ruled that Mrs. Priest had not carried the burden of proving two essential elements necessary to prevail in a malicious prosecution action, to wit: the absence of probable cause for such prosecution and the presence of malice.
It is well settled that "in order for probable cause to exist the countenance of the situation must be such that a prudent man would set in motion the forces of a *769 criminal proceeding. And where it would appear to a `cautious man' that further investigation is justified before instituting that proceeding, then liability may attach for the failure to do so." Liabos v. Harman, Fla.App.2d 1968, 215 So.2d 487.
The question of probable cause or lack thereof is a mixed question of law and fact. If the facts relied on to prove a lack of probable cause are in dispute it becomes a question to be determined by a jury. Conversely, if the facts are admitted or uncontradicted, it is solely a question of law. Glass v. Parrish, Fla. 1951, 51 So.2d 717; Liabos v. Harman, supra.
The presence of malice may be inferred by the jury from the want of probable cause and does not require clear and positive independent proof.
Groover testified that he had no quarrel with Mrs. Priest; that Majeau and Priest had their own quarrels and that his sole purpose in going to the Justice of the Peace was to collect the money. Groover knew that there was a difference between a check stamped "insufficient funds" and one stamped "stop payment." If a jury believed Groover's testimony that he contacted Priest by 'phone concerning the check they might well determine that he was a "cautious man," investigated further and was justified in instituting the proceeding. On the other hand, if they believed Priest, that she was never contacted by Groover, they could very well determine that he was not acting as a cautious man under the law which requires him to make a further investigation.
We hold, therefore, that under the facts of this case the question of absence of probable cause for prosecution is a mixed question of law and fact and should have been submitted to the jury, together with the question of presence of malice.
Reversed and remanded for a new trial.
MANN, C.J., and BOARDMAN, J., concur.