294 So.2d 355 (1974)
Grace HUNTER, Appellant,
v.
The FIRST BAPTIST CHURCH, INC., and Hartford Accident and Indemnity Company, Appellees.
No. 73-549.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
J. Russell Hornsby of Law Offices of J. Russell Hornsby, Orlando, for appellant.
R. James Stroker of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
MOUNTS, MARVIN, Jr., Associate Judge.
This is an appeal from a final judgment entered on a directed verdict for the defendants-appellees in a malicious prosecution action. According to the trial court's final judgment, the attorneys stipulated that the court could consider evidence without the necessity of empaneling a jury for the purpose of defendant's motion for directed verdict.
*356 The appellant moved to Orlando sometime during the year 1971 and became a member of the First Baptist Church in Orlando. Sometime in February of 1972 the appellant became ill and called upon representatives of the church to render assistance to her. The representatives of the church visited her periodically. On March 2nd, 1972 two ministers and a lay member of the church executed a petition for an inquisition of incompetency. The County Judge summoned the committee and the committee found her to be mentally incompetent on March 12th, 1972. She was admitted and confined to the psychiatric ward of the Florida Hospital from March 3rd, 1972 until April 4th, 1972 and on said date, having been re-examined by the committee, she was found to be competent and discharged.
Appellant called as a witness one Naomi C. Armstead who managed an apartment in which appellant resided. She testified that she had known the appellant since October of '71 and that she had seen appellant "quite frequent" since that time. She further testified that she had seen and observed the appellant during the first part of March, 1972 and that she did not observe any mental or emotional problems in the appellant; that she was very much mentally alert and that there were no symptoms indicating that appellant was mentally ill.
It is well settled in Florida that an action for malicious prosecution requires the absence of probable cause for the commencement or continuance of an original civil or criminal judicial proceeding. When the facts relied on by the plaintiff in a malicious prosecution action to establish the lack of probable cause on the part of the defendant are in dispute, their existence is to be determined by a jury. Priest v. Groover, 289 So.2d 767 (Fla.App. 1974) and Kilburn v. Davenport, 286 So.2d 241 (Fla.App. 1973). Calleja v. Wiley, 290 So.2d 123 (Fla.App. 1974).
In view of our ruling on this point, a full discussion of appellee's second point (which insists that an essential prerequisite to the bringing of an action for malicious prosecution is a judicial or quasi-judicial determination on the merits in the plaintiff's favor) is unnecessary. See, however, the pronouncement of the Supreme Court in Fisher v. Payne, 93 Fla. 1085, 113 So. 378 (1927) that the person who is the victim of a proceeding to have him declared insane may maintain his action for malicious prosecution, although the result of the inquisition is the commitment of such person to the care and custody of an institution provided for that purpose. Fisher v. Payne, supra, at 381.
Reversed and remanded.
CROSS and MAGER, JJ., concur.