RUDNICK/ VAUGHN J., Associate Judge
(dissenting) :
The Supreme Court of Florida has held that in an action founded upon malicious prosecution the plaintiff has the burden of proving: (1) the instigation of the criminal proceedings by the defendant, (2) its termination in favor of the plaintiff, (3) the exercise of malice by the defendant, (4) want of probable cause for the prosecution, and (5) damages. Glass v. Parrish, SI So.2d 717 (Fla.1951). A recent decision has listed six elements which is only the result of splitting (1) into two independent parts: (a) criminal proceedings and (b) instigation of the proceedings by the defendant. Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla.App. 1974).
These elements must be established by a preponderance of the evidence and the burden of proving them, including the concurrence of malice and want of probable cause, is on the plaintiff. Wilson v. O’Neal, 118 So.2d 101 (Fla.App.1960).
The exercise of malice by the defendant may be inferred from the want of probable cause, although the want of probable cause cannot be inferred from malice and the Supreme Court of Florida has held:
“Three elements had to be established to warrant recovery from malicious prosecution : malice, want of probable cause and conclusion of the prosecution in plaintiff’s favor.
* * * * * *
All these authorities confirm the view that once a plaintiff fails to prove absence of probable cause, he loses his case, and although malice may be inferred from want of probable cause, the converse is not true.” Gallucci v. Milavic, 100 So.2d 375 (1958)
Probable cause has been properly defined as:
“A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.” Liabos v. Harman, 215 So.2d 487 (Fla.App.1968)
“The [crucial] time to be considered with respect to an arrest is that moment of arrest at the scene, as to whether there was then and there . . . reasonable cause for arrest.” Spicy v. City of Miami, 280 So.2d 419 (Fla.1973)
In Cold v. Clark, Fla.App., 180 So.2d 347, the plaintiff brought a malicious prosecution action against his employer where the employer had plaintiff arrested for use of a motor vehicle without the owner’s *293 consent and the Appellate Court in affirming the directed verdict of the Lower Court held:
“In an action for malicious prosecution, the question of probable cause is a mixed question of law and fact. When the facts relied on to show probable cause are in dispute, their existence is a question of fact for the determination of the jury; but their legal effect, when found or admitted to be true, is for the court to decide as a question of law.” Cold v. Clark, 180 So.2d 347 (Fla.App.1965). See also Lewton v. Hower, 35 Fla. 58, 16 So. 616 (1895), Anderson v. Bryson, 94 Fla. 1165, 115 So. 505 (1927), Concord Shopping Center, Inc., v. Litowitz, 183 So.2d 562 (Fla.App.1966), Stone v. Mamie, 189 So.2d 908 (Fla.App.1966), Liabos v. Harman, 215 So.2d 487 (Fla.App.1968), Kilburn v. Davenport, 286 So.2d 241 (Fla.App.1973), Priest v. Groover, 289 So.2d 767 (Fla.App. 1974), and Hunter v. First Baptist Church, Inc., 294 So.2d 355 (Fla.App.1974).
The facts in the case before this Court are not is dispute and the only question before the trial judge was whether or not the law enforcement officers at the time of the arrest of the plaintiff had probable cause to make the arrest and whether or not there was any evidence of malice present.
I would hold that as a matter of law that when an individual walks into a courthouse where the courts are in session with signs stating: “Judge Hoseman is a lowdown thief.”, “Judge A. J. Hoseman is stealing from me.”, “Judge Hoseman is stealing from my poor cripled mother, Help.”, under circumstances such as those before the trial jurist, the arresting officers certainly had reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the plaintiff was guilty of disturbing the peace.
As to the complaint for false imprisonment or false arrest, it is the law that:
“Although not always observed, the distinction between malicious prosecution and false imprisonment is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious, but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceedings favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on the defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule.” Johnson v. Weiner, 19 So.2d 699 (1944).
Based upon the law set forth above, I would affirm the trial jurist as the facts are not in dispute and the issue as to whether or not they constituted probable cause was a question of law for the Court and which was properly ruled upon and accordingly I would affirm the judgment.