330 So.2d 479 (1976)
Elizabeth A. DUNCAN, Appellant,
v.
Matilda Jeanne GERMAINE and Gerard A. Germaine, Appellees.
No. 74-554.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
*480 J.B. Booher of Booher & McGrotty, Fort Lauderdale, for appellant.
K.P. Jones of Jones & Montgomery, Fort Lauderdale, for appellees.
OWEN, Judge.
Mrs. Duncan sued Mrs. Germaine and her adult son, Gerard, in a civil action for assault and battery. The Germaines filed a counterclaim for assault and battery and for malicious prosecution. Trial by jury resulted in a verdict adverse to Mrs. Duncan on both her claim and the counterclaim, Gerard being awarded $10 compensatory damages and Mrs. Germaine being awarded $5,000 compensatory and $25,000 punitive damages. Mrs. Duncan appeals from the judgment entered thereon.
Appellant had contracted to refinish some furniture at Mrs. Germaine's apartment. The work had progressed for some three or four days without incident, but then suddenly, on Friday afternoon, an altercation occurred at the Germaine apartment which culminated in these proceedings. Although the evidence is in sharp conflict as to how or why the dispute arose, the appellees' evidence (which the jury obviously accepted as true) established that (1) appellant was ordered to remove herself, her paint and her equipment from the Germaine apartment and was informed that she would not be paid the remainder of the contract price for the refinishing job; (2) appellant then threatened harm to the furniture and tussled with Mrs. Germaine over a chair; (3) Mrs. Germaine then instructed her son to "get her out of the house, but don't touch her;" (4) Gerard responded, seizing appellant around the waist from behind and dragging her out of the apartment into the hallway where the two of them fell down. The police arrived and informed the parties that if they so desired they could prefer mutual charges in the municipal court. In accordance with such suggestion, appellant had the Germaines charged with assault and battery and likewise, Gerard had appellant charged with assault and battery. The disposition of those proceedings was never established by the evidence, but the parties apparently concede that the prosecutor later dismissed them. Thereafter this civil suit ensued between the parties.
*481 Appellant contends that the trial court erred in denying her motion for directed verdict on the count for malicious prosecution. We find that point to be well taken. An essential element of this cause of action is the absence of probable cause for commencement of the original judicial proceeding. Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926). If the facts relied on by a plaintiff to establish the absence of probable cause on the part of the defendant are in dispute, the existence of such facts is a jury question, Hunter v. First Baptist Church, Inc., 294 So.2d 355 (4th DCA Fla. 1974), but as in all cases wherein the defendant has moved for a directed verdict, the legal sufficiency of the plaintiff's evidence, whether the facts be admitted, or uncontradicted, or in dispute but viewed most favorably to the plaintiff, remains a question of law to be determined by the court. Glass v. Parrish, 51 So.2d 717 (Fla. 1951); Priest v. Groover, 289 So.2d 767 (2nd DCA Fla. 1974).
Here the Germaines' version of what transpired in their apartment, accepted as true, proved an assault and battery on appellant by Gerard at the instance of Mrs. Germaine, and thereby established probable cause for appellant's commencement of judicial proceedings in the municipal court. It is true that the assault and battery charge which appellant caused to be filed in the municipal court was subsequently dismissed, and it is also true that the jury in the instant case found to its satisfaction that the Germaines had a valid legal defense to the civil charge of assault and battery. Nonetheless, the ultimate exoneration of the Germaines is not at all controlling on the question of the absence of probable cause for appellant's commencement of the original judicial proceeding. One of the hallmarks of civilization is that persons aggrieved by the conduct of another resort to law for settlement of such grievances rather than resorting to self help. We do not encourage resort to the law if the price for bringing such legal proceeding unsuccessfully includes facing a subsequent suit for malicious prosecution. We hold that the Germaines' evidence, viewed most favorably to them, established the existence of probable cause on the part of appellant to resort to the original judicial proceeding, and thus, appellant was entitled to a directed verdict on the malicious prosecution count made at the close of all of the evidence. Because the case went to the jury on this cause of action and on the separate cause of action of assault and battery, and the jury returned a general verdict, appellant is entitled to a new trial.
Appellant also contends that the trial court should have granted her motion for a directed verdict on the count of appellees' counterclaim for assault and battery, but this point is without merit. Appellant raises other points related to trial errors, some of which appear to have merit, but we deem it unnecessary to decide the remaining points in view of our disposition of the case.
The final judgment is reversed and this cause remanded for a new trial on the appellees' counterclaim for damages on the count alleging an assault and battery.
REVERSED and REMANDED.
CROSS and DOWNEY, JJ., concur.