SMITH, Acting Chief Judge.
Adams was convicted of unlawfully obtaining property by means of a worthless check he knew to be worthless, contrary to Section 832.05(3), Florida Statutes (1975), which provides in part:
It shall be unlawful for any person, . to obtain any . . . goods . by means of a check . . . upon any bank . . ., knowing at the time of the making, drawing, uttering, issuing or delivering of said check . . . that the maker thereof has not sufficient funds on deposit in or credit with such bank . . . with which to pay the same upon presentation .
Adams urges that the trial court erred in denying his request for a charge that intent to defraud is an essential element of the offense. We lack a transcript of the court’s charge, but the transcript of the charge conference indicates, and we must assume, that the court charged the jury using Florida Standard Jury Instruction (Criminal) 2.07 (2d ed. 1976), which incorporates the statutory defense:
It is a defense to this charge that at the time of delivery of the check the said payee knew, had been expressly notified or had good reason to believe prior to the drawing or uttering of the check that the person drawing the check did not have on deposit or to his credit with the bank sufficient funds to insure payment of the check upon presentation.
*347 We hold that intent to defraud is not an essential element of the offense proscribed by Section 832.05(3). Anderson v. Bryson, 94 Fla. 1165, 115 So. 505 (1927), which concerned a predecessor statute requiring allegation and proof of intent to defraud, contains dictum that “[wjithout the element of fraud, the statute might be repugnant to section 16 of the Declaration of Rights, which provides that ‘no person shall be imprisoned for debt, except in cases of fraud’.” Other district courts of appeal, giving that dictum effect, have read intent to defraud into the statutory elements notwithstanding that the present statute omits reference to an intent to defraud but explicitly excepts innocent transactions of a certain character. Prince v. State, 333 So.2d 63 (Fla. 4th DCA 1976); Bailer v. State, 337 So.2d 415 (Fla. 4th DCA 1976); Berry v. State, 345 So.2d 828 (Fla. 4th DCA 1977). We believe, to the contrary, that the Supreme Court silently retracted the Anderson dictum in Ennis v. State, 95 So.2d 20 (Fla.1957), cert. den., 355 U.S. 868, 78 S.Ct. 117, 2 L.Ed.2d 74 (1957) and held, as did State v. Yarboro, 194 N.C. 498, 140 S.E. 216 (1927) and State v. Avery, 111 Kan. 588, 207 P. 838 (1922) under comparable statutes, that a conviction under Section 832.05 may be had absent proof of an intent to defraud. Contra, United States v. Frazier, 444 F.2d 235 (5th Cir. 1971). Therefore, the judgment and sentence are
AFFIRMED.
BOOTH, J., concurs.
ERVIN, J., dissents.