SORONDO, Judge.
Metropolitan Dade County appeals the lower court’s non-final Order on Verified Motion for Temporary Injunction which fails to require Lowell S. Dunn and Betty L. Dunn to restore that portion of N.W. 117 Avenue which they destroyed.
In 1996, the Dunns purchased 80 acres of property abutting N.W. 117 Avenue in the area north of Okeechobee Road west of the turnpike. A survey indicated that the center line of Dade County’s 80 foot road right-of-way easement for N.W. 117 -Avenue is the east boundary line of the Dunns’ property. Dade County claims ownership of this road by prescriptive right because it has existed for 20 years.
The Dunns began removing asphalt from the part of the roadway they believed encroached on their property. On April 9, 1997, Dade County filed a complaint for in-junctive relief and moved for a temporary injunction directing the Dunns not to remove any pavement from N.W. 117 Avenue and to replace and repair any asphalt removed prior to issuance of the injunction.
On April 10, 1997, the trial court heard the motion. Russell Kelly, a Dade County subdivision control coordinator testified that a neighbor complained about the road. Kelly sent an inspector to review its condition. On the morning of April 9, 1997, Kelly spoke with Mr. Dunn and asked him not to remove the pavement, but Mr. Dunn said he intended to do so. Kelly went to the property that night and saw a small portion of asphalt had been removed and a lime rock space where it used to be. Mr. Dunn testified that surveys revealed there was an 80 foot easement adjacent to his property but that N.W. 117 Avenue was not centered on this easement and part of it encroached on his land. Mr. Dunn claimed the road was substandard, originally built as a haul road for a quarry, and not heavily travelled, as only three farms and two nurseries were in the area and the road dead ends to the north. The trial court enjoined the Dunns from removing any more asphalt from the road but did not order them to replace the asphalt already removed pending final disposition.
On April 11, 1997, Dade County filed an emergency motion to reconsider the order on the temporary injunction to require restoration of N.W. 117 Avenue and two proposed ex parte orders. Kelly averred that on the evening of April 10, 1997, immediately after the hearing which resulted in the order that is the subject of this appeal, he returned to the roadway and saw that a full lane of asphalt had been removed from the south end of N.W. 117 Avenue since the night before. As this created a traffic hazard, Dade County posted stop and warning signs at both ends of the now one-lane road. The Dunns objected to the emergency motion due to the lack of opportunity to cross-examine the affiant.
On April 17, 1997, Dade County filed an amended complaint for injunctive relief and the trial court entered a written order reflecting its earlier ruling on the verified mo- *1037 tdon for temporary injunction. The remaining issues on Dade County’s verified motion for temporary injunction are set to be heard on May 13,1997.
The question before us is whether the trial judge abused her discretion by refusing to immediately order the Appellees to rebuild the roadway they destroyed. We conclude that she did.
We begin by observing that the public roadway at issue, a section of N.W. 117 Avenue, has been there for no less than 20 years.[1] The Appellees purchased the land in question in 1996. Regardless of the ultimate resolution of their claim, it is irrefutable that Appellees had no legal right to destroy one lane of a public roadway without due process of law. Section 30-255, Dade County Code, states in pertinent part:
(1) It is unlawful for any person or persons to willfully obstruct the free, convenient and normal use of any public street, highway or road, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon, or by endangering the safe movement of vehicles or pedestrians travelling thereon, and any person or persons violating the provisions of this chapter, upon conviction, shall be punished as set forth in Section 30-208.
Section 316.2035(3), Florida Statutes (1995), states in pertinent part:
(3) It is unlawful to obstruct, dig up, or in any way disturb any street or highway. These provisions of law clearly establish that Appellee’s actions were unlawful. The fact that a substantial portion of the damage, 500 feet of roadway, was done on the day the hearing was scheduled further suggests that Appellees knew that they were in the wrong and purposely tried to circumvent the possibility of an adverse ruling by the trial court. Under these circumstances, Appellees had no right to the self-help methods they employed. In Spain v. Minder, 346 So.2d 139 (Fla. 1st DCA 1977), the First District Court of Appeal stated that self-help was contrary to public policy:
The appellees contend that by merely erecting a barricade by the owners the continuous and uninterrupted use by the prescriptive users is broken. To so hold would encourage owners and claimants alike to take the law into their own hands. It would encourage owners to resort to self-help and construct a barricade on public roads where dispute of ownership is involved rather than resort to courts of law for the resolution of the issue. As to claimants, it would encourage them to destroy fences, gates and other impediments rather than seek a resolution in the courts. To encourage such measures of self-help is contrary to public policy.
Id., 346 So.2d at 140. We fully agree with this line of reasoning. The Appellees’ self-help actions in this case aré in violation of the Dade County Code and present an immediate danger to the public safety. Under these circumstances irreparable harm is presumed. Metropolitan Dade County v. O’Brien, 660 So.2d 364, 365 (Fla. 3d DCA 1995)(where the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed). As stated by the Fourth District Court of Appeal in Duncan v. Germaine, 330 So.2d 479 (Fla. 4th DCA 1976):
One of the hallmarks of civilization is that persons aggrieved by the conduct of another resort to law for settlement of such grievances rather than resorting to self-help.
Id. at 481.
We conclude that the trial court abused its discretion by failing to order the immediate rebuilding of the roadway in question. We remand this cause to the trial court with directions to grant Dade County’s Verified Motion for Temporary Injunction and order Appellees to immediately restore the roadway in question.
It is so ordered.

. Dade County presented an aerial photograph taken in 1977 showing the existence of the paved road in question,