HOBSON, Judge.
The defendant, John A. Cahill, was tried for the crime of obtaining property in return for a worthless check in violation of § 832.05(3), Fla.Stat., F.S.A. The jury found -him guilty and the court sentenced him to be confined in the state prison for a period of six months to five years.
The sole question involved on appeal concerns the court’s instruction on the defense of intoxication.
The appellant, defendant below, took the stand in his own behalf and testified that he was an alcoholic and had “fallen off the .wagon” in September, 1965, just prior to the date .of the alleged offense and that while he acknowledges the signature on the check in question to be his, he did not recall any of the events that transpired on the date of the alleged pífense.
As to the defense of intoxication as it applies to the requisite of specific intent, the court instructed as follows:1' '''
“I charge you that under the law voluntary intoxication is not a defense to. a criminal charge, and one who voluntarily becomes • intoxicated and then commits a-crime or becomes intoxicated with the-intent to nerve himself to commit a crime, cannot be excused for the commission of that offense of which he is charged, pro- • *622 vided, however, in those cases where intent is an indispensable element of the crime charged, if the Jury should find the accused was intoxicated to the extent that his reason and ability to think were absolutely dethroned to the extent he was incapable of forming any intent or knowing what he was doing, then that might be a defense if the Jury should believe it to be true. If he still knew right from wrong and the probable consequences and results of his own act,- then he was capable of specific intent and intoxication will not excuse him.” (Emphasis supplied)
Defense counsel duly objected to this instruction :
“MR. WHITE: To the instructions, I object that the Court instructed the Jury that intoxication might be a defense if the Jury believes he was so intoxicated, that it was sufficient to dethrone reason. I think it to be an absolute defense. And defendant objects to the instruction, in the admonition to the Jury, that it will be a violation of their oath as well as an encouragement to others to violate the law, to acquit if any thought beyond and to the exclusion of every reasonable doubt to be guilty. Just that section, we object to that section in the admonition, as reads, as well as encourages.”
We must agree with the appellant that the court’s instruction quoted above in regard to the defense of intoxication when specific intent is an indispensable element of a crime was erroneous and as such constitutes harmful error. The instruction as given informed the jury that even though they found the accused to be intoxicated to such an extent that his reason and ability were absolutely dethroned so that he was incapable of forming any intent or knowing what he was doing, then this might be a defense when under the law it zvould be a defense.
The court having charged that intent was an indispensable element of the crime charged, we must reverse this cause for the foregoing reason.
Reversed and remanded for a new trial.
SHANNON, Acting C. J., and MOODY, JAMES S., Associate Judge, concur.