BOARDMAN, Judge.
Appellant, Ray D. Smith, was convicted by a jury of murder in the second degree, adjudged guilty and sentenced to thirty years in the state penitentiary. Appellant appeals from the judgment and sentence against him. He was accused of shooting the victim and inflicting mortal wounds.
We have read the record, briefs and heard oral argument.
Although appellant raises several points on appeal, because of our decision reached herein, only one merits discourse.
The appellant claims that the trial court committed reversible error in the court’s instruction in defining the phrase “a depraved mind.” We agree. Section 782.04, F.S.A. defines the offense of second degree murder in pertinent part as follows :
“The unlawful killing of a human being, . . . when perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, . . . .”
The phrase “a depraved mind” set out in the statute, supra, has been judicially interpreted as a state of mind equated with malice in commonly understood sense of ill will, hatred, spite or evil intent. Ramsey v. State (1934), 114 Fla. 766, 154 So. 855; Huntley v. State (Fla.1953) 66 So.2d 504.
One of the essential elements of the crime of murder in the second degree is that the person charged evinces a depraved mind at the time of the alleged commission of the offense. Raneri v. State (Fla.App.1971) 255 So.2d 291.
We turn now to the record and it reflects that the able trial court instructed the jury on this essential element of the offense as follows:
“. . . . An act evinces a depraved mind regardless of human life when it is of such a character that it shows on its face an utter lack of concern for the consequences and is clearly wanton and reckless.”
We submit that the instruction as given did not correctly and properly apprise the jury of one of the essential elements of the crime charged. We point out that the instruction given on a depraved mind differs from that recommended in Florida Standard Jury Instructions in Criminal Cases approved by the Supreme Court Committee on Standard Jury Instructions in which a depraved mind is defined as follows:
“An act is one imminently dangerous to another and evincing a depraved mind regardless of human life if it is an act which
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another
2. is done from ill-will, hatred, spite or. an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.”
The error of the trial court in failing to properly instruct the jury cannot be regarded as harmless or technical but is highly prejudicial and constitutes reversible error, the substantial rights of the appellant to a fair trial being affected adversely. We note that no objection was made to the said instruction by appellant’s trial attorney. The error being fundamental, we do not deem it necessary for an objection to have been made.
*181 We are therefore impelled to hold that the conviction, judgment and sentence be set aside and the case remanded for a new trial.
Reversed and remanded with directions.
McNULTY, A. C. J., and EVANS, VERNON W., Jr., Associate Judge, concur.