305 So.2d 845 (1975)
Conrad J. AUSTIN, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 73-1350.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer and Elliot R. Brooks, Asst. Public Defenders, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was charged with a felony, larceny of a motor vehicle. He was tried by jury and thereafter sentenced to five years in the state prison. Defendant appeals. We reverse.
The single appellate point is:
Were the trial court's instructions to the jury in error in that a material element of the crime charged was omitted.
*846 The problems arises from the court's charge to the jury as concerns the definitions of the crimes charged and necessarily involved. Appellant did not object to the jury charge when it was given, but urges now that the instructions were faulty, and constituted fundamental error. Although an objection should have been made, and the lack of one can preclude review, Hood v. State, 287 So.2d 110 (4th D.C.A.Fla. 1973); Williams v. State, 247 So.2d 425 (Fla. 1971), if the error was fundamental, it will be reviewed notwithstanding, Smith v. State, 282 So.2d 179 (2d D. C.A.Fla. 1973); Canada v. State, 139 So.2d 753 (2d D.C.A.Fla. 1962) see Hood v. State, supra.
The following is the critical portion of the jury charge as given by the trial court:
"Now, the Defendants Robert Kennedy, Conrad Austin and Richard Irvin White are charged with the crime of larceny of a motor vehicle in that on the 16th day of January, 1973, in Broward County, they did then and there wilfully and without authorization take possession of and drive or take away a certain motor vehicle, to-wit: 1973 Honda motorcycle, with Vehicle Identification Number CB350F1010089, the property of Curtis Mann, contrary to Florida Statute 814.03(1).
"This charge includes a lesser offense of attempted larceny of a motor vehicle or contrary or unauthorized use of a motor vehicle, and I will get to those charges later.
"The defendant entered his plea of not guilty and the effect of his plea is to prove each material allegation of this Information beyond and to the exclusion of every reasonable doubt before the defendant may be found guilty.
* * * * * *
"Under Florida Statute 814.03(1) it is a crime for any person who willfully and without authorization to take possession of and drive or take away, or assist in or be a party to such taking possession, driving or taking away, or attempting to take possession, driving, or in any way obtain by fraud or trickery any motor vehicle, aircraft, or motor belonging to another, and they shall upon conviction be guilty of a felony of the third degree  and I will get to that later. (Emphasis supplied.)
* * * * * *
"Now, I will tell you that under 814.06 of the Florida Statutes it shall be prima facie evidence of intent to deprive the owner of his property when any person willfully or without authorization takes possession, drives or takes away a motor vehicle belonging to another.
* * * * * *
"As to the lesser-included offense of unauthorized use of a motor vehicle, I charge you that it is a crime for any person to use any motor vehicle without the authority of the owner or his representative or who shall knowingly be a party to such unauthorized use; shall, upon conviction, be convicted of a misdemeanor as punishable by the law." (Emphasis supplied.)
Appellant accurately complains there was no statement in this jury charge that to be guilty of the charged felony (F.S. 814.03(1)), the defendant must have intended to permanently deprive the owner of the vehicle. He urges with strength that it is possible the jury convicted him of the felony under the misapprehension that no intent to permanently deprive the owner of his property was necessary to support the conviction.
The necessity for such intent is evident in the applicable statutory sections. He was charged with a felony under F.S. 814.03(1), which reads:
"814.03 Auto, aircraft, boat or boat motor theft; possession of stolen motor vehicle, aircraft, boat or boat motor, etc.

*847 "(1) Theft.  Any person who shall willfully and without authority take possession of and drive, fly, or take away; knowingly assist in or be a party to such taking possession, driving, flying, or taking away; attempt to take possession, drive, or fly away; or obtain by fraud or trickery, any motor vehicle, aircraft, boat, or boat motor belonging to another shall, upon conviction, be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083 or § 775.084."
The jury instructions included a charge on the lesser included offense of unauthorized use, a misdemeanor, under F.S. 814.04, which reads:
"814.04 Unauthorized temporary use of motor vehicle, aircraft, boat or boat motor
"(1) Any person who temporarily uses any motor vehicle, aircraft, boat, or boat motor without the authority of the owner or his representative, or who shall knowingly be a party to such unauthorized use, shall, upon conviction, be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.
"(2) Nothing in this section shall be construed to apply to any case in which the taking of the property of another is with intent to steal the same or in which the taking is under a claim or right or with the presumed consent of the owner or other person having the legal control, care, or custody of the same." (Emphasis added.)
Section 814.04 states that any intent to steal renders 814.04 inapplicable (thereby rendering 814.03(1) applicable). Without the inclusion of intent to deprive, Sections 814.03 and 814.04 are the same to all intents and purposes. The comparison of the two sections leads to the conclusion that 814.03(1) requires an attempt to permanently deprive the owner.
In Canada v. State, 139 So.2d 753 (2d D.C.A. Fla. 1962) the court interpreted larceny:
"as the stealing, taking and carrying away of the personal property of another with intent to deprive the owner thereof of his property permanently, or to convert it to the taker's or someone else's use." Id. at 755.
The 1970 Florida Standard Jury Instructions[1] defined larceny under § 811.20, the predecessor of § 814.03, as:
"The taking and carrying away of the property of another with the intent to permanently deprive the owner of the use or enjoyment of such property."
It appears from a review of the record that the jury could have found that the simple taking of the vehicle constituted the more serious act designated a felony under F.S. § 814.03(1). Appellant relied heavily upon testimony that he'd said the whole thing was a big joke, but the charge may have allowed the jury to decide that defendant was guilty of a felony even if he did not intend to permanently deprive the owner. The argument by state's counsel reinforces this belief:
"... Now where in that Information did you see the word steal, stole, stolen? That Information says: Did then and there willfully and without authorization take possession of a vehicle, to-wit, a motorcycle, 1973 Honda motorcycle. That's all it says."
The reference to F.S. § 814.06 does not cure the charge. It simply provides by *848 way of definition what may be necessary to constitute prima facie evidence of intent. However, we would say with emphasis that nowhere in the charge as given to the jury is to be found a requirement that they find an intent to permanently deprive the owner of the motorcycle as a condition and necessary ingredient in determining that the defendant was guilty of the charged felony.
We are aware of the decision in Waters v. State, 298 So.2d 208 (2d D.C.A. Fla. 1974), and distinguish that factually similar case as follows:
(1) In Waters v. State, supra, the necessity of intent to permanently deprive was mentioned in the charge on the lesser included offense; it was not covered in the instant charge on the lesser included offense.
(2) The defendant in Waters v. State, supra, did not present any evidence that would deny the felonious nature of the taking. In the cause at hand the defendant relied on his statement of the act's being a joke.
And so to sum up, the trial court erred in not providing for a distinction between the offenses, that distinction being one of intent as between the felony and misdemeanor charge. In other words, it was left to the jury's whim, they not having been provided with a guideline, in making the decision as to whether defendant was guilty of a felony or a misdemeanor. It is our wish to make it clear, not only for the benefit of the instant defendant, but for the future guidance of Bench and Bar, that there is a material difference between the crimes, the felony provided in F.S. 814.03(1) and the misdemeanor defined in F.S. 814.04.[2]
We reverse and remand for a new trial on the grounds that the jury charge amounted to fundamental error.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
NOTES
[1] In Smith v. State, supra, the second district reversed and remanded a cause for new trial because a trial court definition of "depraved mind" was not given in accord with the standard jury instructions. The court deemed this fundamental error. On petition for rehearing the court stated that it was not mandatory that The Florida Standard Instructions be given, but inferred that they are a proper standard against which to measure an instruction.
[2] See Caves v. State, 302 So.2d 171 (2d D.C.A. Fla. 1974). which reflects that our sister court recognized the distinction here outlined and affirmed that an intent to deprive the owner of the property permanently is an essential element of the felony defined in F.S. 814.03(1).