OWEN, Judge.
Appellant was charged by information with obtaining property by means of a worthless check, proscribed by Fla.Stat. § 832.05(3) (1973). Convicted on his own guilty plea, he now contends that the information wholly failed to charge a criminal offense in that it did not specifically allege an intent to defraud. His reliance upon the case of Anderson v. Bryson, 94 Fla. 1165, 115 So. 505 (1927), is mispláced as the statute has been amended subsequent to that decision. In Ennis v. State, 95 So.2d 20 (Fla.1957), cert. den., 355 U.S. 868, 78 S.Ct. 117, 2 L.Ed.2d 74 (1957), which does not at all hold what United States v. Frazier, 444 F.2d 235 (5th Cir. 1971), said it did, an information substantially identical to the one in the case at bar, in which there was no allegation of an intent to defraud, was held to contain every essential element required by the statute.
AFFIRMED.
CROSS and DOWNEY, JJ., concur.