333 So.2d 63 (1976)
Melody Hinson PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1087.
District Court of Appeal of Florida, Fourth District.
June 11, 1976.
*64 Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
MELVIN, WOODROW M., SR., Associate Judge.
The Appellant, who will hereafter be referred to as the Defendant, was informed against and, by jury, found guilty of the charges contained in three counts, each count charging her with uttering a separate worthless check in violation of Section 832.05 Florida Statutes. Each check was in the amount of $200.00, was drawn on the account of Joseph Knight, and was drawn on Southeast Bank. The checks were cashed by the Defendant on December 27 and 30, 1974. Each check was dishonored by the drawee bank, its account for Joseph Knight having been closed December 16, 1974, and having never contained more than the sum of $5.00.
The thrust of the Defendant's defense was that she was without knowledge that the checks were no good but, to the contrary, she considered the same to be valid, and she had no intent to defraud anyone.
The Defendant first contends that the charge, as stated in each of the three counts, must fall because there was no allegation in either count that she uttered or delivered the said checks with the intent to defraud. This question was laid to rest, contrary to appellant's position, by the opinion of this Court in Herdman v. State of Florida, 328 So.2d 459, filed March 12, 1976. The Defendant next urges reversal because the standard jury instruction given by the Court did not charge the jury upon the basic proposition relating to the indispensable element of intend to defraud. With this thrust, the Defendant's arrow hits the mark.
The Supreme Court of Florida has clearly established the doctrine that "intent to defraud" is an indispensable element in proof of a violation of Section 832.05, Florida Statutes. See Anderson v. Bryson, 94 Fla. 1165, 115 So. 505, text 507; Cahill v. State, Fla.App. 190 So.2d 621, text 622; Rapp v. State, Fla.App., 274 So.2d 18, text 19, relating to intent to defraud in forgery charge; Austin v. Wainwright, Fla.App., 305 So.2d 845, relating to intent to defraud in larceny charge.
The failure of the trial court, in view of the defense of good faith, to charge the jury that intent to defraud is an indispensable element of the alleged crime which the State must establish was a fundamental error, the gravity of which requires reversal. Such charge would have given the Defendant the benefit that would flow from the jury knowing the law as the same relates to the defense that she had offered.
Reversed, with instruction to grant the Defendant a new trial.
WALDEN, C.J., and DOWNEY, J., concur.