PER CURIAM.
Appellant was convicted of violation of Section 832.05(3), Florida Statutes (1975). The trial court instructed the jury in accordance with the Florida Standard Jury Instructions In Criminal Cases, using the appropriate instruction for violation of Section 832.05(3). The only issue is whether the trial court committed fundamental error, in view of the defense of good faith, by failing to also charge the jury that intent to defraud is an indispensable element of the crime of obtaining property in return for a worthless check.
This court has previously held that failure to give this additional instruction is fundamental error, the gravity of which requires reversal. Prince v. State, 333 So.2d 63 (Fla. 4th DCA 1976). On the authority of oúr holding in Prince, we reverse appellant’s conviction and remand this case for a new trial.
. Because of the conflict which exists between our holding and the Florida Standard Jury Instructions in Criminal Cases we hereby certify to the Supreme Court as a matter of great public interest the following questions:
1. Is the Florida Standard Jury Instruction entitled “Worthless Check — Obtaining Property F.S. 832.05(3)”, set forth on pages 203 and 204 of the Second Edition, defective because it fails to instruct the jury that intent to defraud is an indispensable element of the crime of obtaining property in return for a worthless check?
2. In a prosecution for violation of Section 832.05(3), Florida Statutes (1975), where the trial court has instructed the jury in accordance with the Florida Standard Jury Instruction entitled “Worthless Check — Obtaining Property F.S. 832.05(3)”, as set forth on pages 203 and 204 of the Second Edition, is fundamental error committed when the trial court does not additionally instruct the jury that intent to defraud is an indispensable element of the crime of obtaining property in return for a worthless check?
REVERSED and REMANDED.
MAGER, C. J., and ALDERMAN and LETTS, JJ., concur.