ERVIN, Judge,
dissenting.
I do not read Ennis v. State, 95 So.2d 20 (Fla.1957), cert. den., 355 U.S. 868, 78 S.Ct. 117, 2 L.Ed.2d 74 (1957), as does the majority, as not requiring an intent to defraud. Ennis was concerned only with the constitutionality of Section 832.05, Florida Statutes (1955), which did not include within its provisions, as did a predecessor statute, the intent to defraud. The court was not confronted with a situation, as are we, in which a request to so instruct was declined. In two prior cases where the question was directly raised, Prince v. State, 333 So.2d 63 (Fla. 4th DCA 1976), cert. den., 339 So.2d 1172 (Fla.1976), and Berry v. State, 345 So.2d 828 (Fla. 4th DCA 1977), the Fourth District Court of Appeal held that the intent to defraud was an essential and indispensable element of the crime of obtaining property in return for a worthless check. Similarly, neither Section 831.02, Florida Statutes (1971), prohibiting the commission of forgery, nor Section 814.03(1), Florida Statutes (1973), proscribing larceny of a motor vehicle, contained specific provisions requiring an intent to defraud, yet both were construed as so requiring. Rapp v. State, 274 So.2d 18 (Fla. 4th DCA 1973); Austin v. Wainwright, 305 So.2d 845 (Fla. 4th DCA 1975).
I would remand for a new trial.