358 So.2d 545 (1978)
STATE of Florida, Petitioner,
v.
Mabel BERRY, Respondent.
No. 52220.
Supreme Court of Florida.
April 4, 1978.
Rehearing Denied June 5, 1978.
Robert L. Shevin, Atty. Gen. and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, and Charles W. Musgrove, Asst. Atty. Gen., Tallahassee, for petitioner.
Richard L. Jorandby, Public Defender, Jerry L. Schwarz and Craig S. Barnard, Asst. Public Defenders, West Palm Beach, for respondent.
BOYD, Justice.
The District Court of Appeal, Fourth District, has certified these two questions as being of great public interest:
Is the Florida Standard Jury Instruction entitled "Worthless Check  Obtaining Property F.S. 832.05(3)", set forth on pages 203 and 204 of the Second Edition, defective because it fails to instruct the jury that intent to defraud is an indispensable element of the crime of obtaining property in return for a worthless check?
In a prosecution for violation of Section 832.05(3), Florida Statutes (1975), where the trial court has instructed the jury in accordance with the Florida Standard Jury Instruction entitled "Worthless Check  Obtaining Property F.S. 832.05(3)", as set forth on pages 203 and 204 of the Second Edition, is fundamental error committed when the trial court does not additionally instruct the jury that intent to defraud is an indispensable element of the crime of obtaining property in return for a worthless check?
*546 The decision[1] of the district court passed upon these questions, giving us jurisdiction by certiorari.[2]
The criminal offense of obtaining property in return for a worthless check, described in Section 832.05, Florida Statutes,[3] requires, as an essential element, knowledge of insufficient funds on deposit in the bank on which the check is drawn, but it does not require intent to defraud. Mabel Berry was charged with the crime and, at her trial, offered the defense that she had given the check in good faith. The judge gave the jury the applicable standard instruction,[4] which, in keeping with the statute's description, did not list "intent to defraud" as an element. Berry was convicted and appealed, raising as fundamental error the failure to charge the jury on "intent to defraud."
The district court reversed on the authority of Prince v. State, 333 So.2d 63 (Fla. 4th DCA 1976). In that case the court had held fraudulent intent to be an element of the offense in reliance on Anderson v. Bryson, 94 Fla. 1165, 115 So. 505 (1927). Anderson, however, construed not the present statute, but its predecessor,[5] long ago repealed. And, in contrast to the present statute, the predecessor, on its face, required intent to defraud. The holding of Prince, then, is incorrect, unless fraudulent intent is required in some way outside the present statute.
Berry argues just that. Without the element of fraudulent intent, she claims the statute is unconstitutional under Article I, Section 11 of the Florida Constitution (1968). That provision bars imprisonment for debt, except in cases of fraud.
The State responds that Berry's contention has been answered, against her, already, by this Court. We agree. In Ennis v. State, 95 So.2d 20 (Fla.), cert. denied, 355 U.S. 868, 78 S.Ct. 117, 2 L.Ed.2d 74 (1957), the Court addressed the issue of whether the present statute was unconstitutional under Section 16 of the Declaration of Rights to the Florida Constitution, a provision identical to the qualified ban of "imprisonment for debt" in the 1968 Constitution. The Court upheld the statute. It found its purpose to be not the collection of debts, but the banning of the circulation of worthless commercial paper because of the danger it poses to the flow of trade, in general, and the mischief it works in the collection procedure between banking institutions. There is nothing in this record to justify a departure from the Ennis finding of statutory purpose.
Reduced to their essence, the certified questions ask whether intent to defraud is an essential element of the crime of obtaining property by a worthless check. Under the plain language of the statute defining the crime, it is not, and no reason has been advanced in this case for its inclusion. Our answer, then, to both certified questions is "no": the standard jury instruction is not defective; it was not fundamental error for the trial court to omit an "intent to defraud" charge.
The decision of the district court in this cause is quashed and the case is remanded with the direction to reinstate the conviction. Prince v. State, 333 So.2d 63 (Fla. 4th DCA 1976), is overruled.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Berry v. State, 345 So.2d 828 (Fla. 4th DCA 1977).
[2] Art. V, § 3(b)(3), Fla. Const.
[3] (3) Obtaining property in return for worthless checks, etc.; penalty.  (a) It shall be unlawful for any person, firm or corporation to obtain any services, goods, wares or other things of value by means of a check, draft or other written order upon any bank, person, firm or corporation, knowing at the time of the making, drawing, uttering, issuing or delivering of said check or draft that the maker thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation... . .
[4] "Worthless Check  Obtaining Property," F.S. 832.05(3), Standard Jury Instructions in Criminal Cases, 2d Ed., p. 203, 204.
[5] Ch. 9328, Laws of Florida (1923).