James M. DAVIS, Appellant,

v.

UNITED STATES, Appellee.

No. 11671.

District of Columbia Court of Appeals.

Submitted Feb. 21, 1978.

Decided April 25, 1978.

Alan B. Soschin, Washington, D. C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, E. Lawrence Barcella, Jr., and James F. Hibey, Washington, D. C., were on the brief for appellee.

Before NEBEKER and MACK, Associate Judges and HOOD, Chief Judge, Retired.

PER CURIAM:

Appellant was arrested while he was a patient at the Veterans Administration Hospital in Washington, D. C., and gambling paraphernalia was seized from on or around his person at that time. He pled guilty to a charge of operating a lottery in violation of D.C.Code 1973, § 22–1501.[1] Count II of the indictment, based on the possession of lottery slips in violation of *id.* § 22–1502, was dismissed. The imposition of sentence was suspended and appellant was placed on probation for one year.

Thereafter appellant filed a motion to set aside the judgment of conviction and to dismiss the indictment on the ground that the trial court lacked jurisdiction over his case. The trial judge denied the motion, and an appeal was taken from that order. We affirm.

■ We note, first of all, that the defense of lack of jurisdiction is one that may properly be raised at any time. *Smith v. United States,* D.C.App., 304 A.2d 28, 31 (1973); Super.Ct.Cr.R. 12(b)(2). Thus, appellant may raise the defense of lack of jurisdiction even where, as here, the court has entered a disposition. Having recognized that such a defense is not one that is waived if not timely raised, we now turn to a consideration of the merits.

Appellant claims first of all that since a federal regulation, 38 C.F.R. § 218 (1975), prohibits the conducting of a lottery, pool, or the purchasing of numbers tickets on the Hospital premises, he should have been prosecuted under 38 U.S.C. § 218 (1970) which provides criminal penalties for such offenses.[2] The sanctions imposed under this statute are significantly lighter than

---

1. That section provides as follows:

    If any person shall within the District keep, set up, or promote, or be concerned as owner, agent, or clerk, or in any other manner, in managing, carrying on, promoting, or advertising, directly or indirectly, any policy lottery, policy shop, or any lottery, or shall sell or transfer any chance, right, or interest, tangible or intangible, in any policy lottery, or any lottery or shall sell or transfer any ticket, certificate, bill, token, or other device, purporting or intended to guarantee or assure to any person or entitle him to a chance of drawing or obtaining a prize to be drawn in any lottery, or in a game or device commonly known as policy lottery or policy or shall, for himself or another person, sell or transfer, or have in his possession for the purpose of sale or transfer, a chance or ticket in or share of a ticket in any lottery or any such bill, certificate, token, or other device, he shall be fined upon conviction of each said offense not more than $1,000 or be imprisoned not more than three years, or both. The possession of any copy or record of any such chance, right, or interest, or of any such ticket, certificate, bill, token, or other device shall be prima-facie evidence that the possessor of such copy or record did, at the time and place of such

possession, keep set up, or promote, or was at such time and place concerned as owner, agent, or clerk, or otherwise in managing, carrying on, promoting, or advertising a policy lottery, policy shop, or lottery.

2. 38 U.S.C. § 218 provides as follows:

    (a) For the purpose of maintaining law and order and of protecting persons and property on lands (including cemeteries) and in buildings under the jurisdiction of the Veterans' Administration (and not under the control of the Administrator of General Services), the Administrator or any officer or employee of the Veterans' Administration duly authorized by him may—

    (1) make all needful rules and regulations for the governing of the property under his charge and control, and annex to such rules and regulations such reasonable penalties within the limits prescribed in subsection (b) of this section as will insure their enforcement. Such rules and regulations shall be posted in a conspicuous place on such property;

    (2) designate officers and employees of the Veterans' Administration to act as special policemen on such property and, if the Administrator deems it economical and in the

those prescribed in its counterpart in the District of Columbia Code.

Secondly, appellant claims that the Superior Court does not have jurisdiction over offenses committed at the Hospital because an offense committed on "lands" of the United States comes under federal law only.

■ With respect to appellant's first claim, it is clear that where the same act constitutes both a federal offense and a state offense under the police power, the state may prosecute. *United States v. Shepard,* 169 U.S.App.D.C. 353, 362, 515 F.2d 1324, 1333 (1975), citing *Pennsylvania v. Nelson,* 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956). We do not suggest that the federal court had *no* jurisdiction over appellant's offense; rather, we conclude that it did not have *exclusive* jurisdiction. The Federal Criminal Code and the District of Columbia Code, both enacted by Congress, were intended to exist together. *United States v. Greene,* 160 U.S.App.D.C. 21, 26, 489 F.2d 1145, 1150 (1973), citing *Johnson v. United States,* 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142 (1912). They were intended to mesh with each other and to be reciprocal in their application. *Id.* The mere existence of a similar federal statute does not prevent prosecution under local law for the same offense. *United States v. Shepard, supra* at 361, 515 F.2d at 1332. Specifically here, the agency regulations state that "[n]othing contained in Veterans Administration rules and regulations set forth in §§ 1.218 and 1.219 shall be construed to abrogate any other Federal laws

or regulations of any state and local laws and regulations applicable to the area in which the Veterans Administration property is located." 38 C.F.R. § 1.220 (1975).

■ Further, it is not a denial of due process or equal protection for the government to choose to prosecute under a federal statute which imposes greater penalties for the same offense than an identical District of Columbia statute, and the reasoning applies with equal force where the local statute provides greater penalties than the federal one. A defendant has no constitutional right to elect which of two applicable statutes will form the basis of his indictment and prosecution. *United States v. Greene, supra; Hutcherson v. United States,* 120 U.S.App.D.C. 274, 277, 345 F.2d 964, 967 (1965). Congress in the exercise of its powers over the District of Columbia may enact laws which are similar to national legislation but which provide different penalties; it is within the discretion of the United States Attorney to determine which shall form the basis of the prosecution. *United States v. Jones,* 174 U.S.App.D.C. 34, 37, 527 F.2d 817, 820 (1975). Appellant thus cannot protest the government's right to elect to prosecute him under either statute. *United States v. Shepard, supra.*

■ With respect to appellant's second claim, the fact that the offense occurred in a building owned by the United States would not deprive the Superior Court of jurisdiction. In considering the hypothetical that one who killed during the course of a robbery on the street in front of a bank

public interest, with the concurrence of the head of the agency concerned, utilize the facilities and services of existing Federal law enforcement agencies, and, with the consent of any State or local agency, utilize the facilities and services of such State or local law-enforcement agencies; and

(3) empower officers or employees of the Veterans' Administration who have been duly authorized to perform investigative functions to act as special investigators and to carry firearms, whether on Federal property or in travel status. Such special investigators shall have, while on real property under the charge and control of the Veterans' Administration, the power to enforce Federal

laws for the protection of persons and property and the power to enforce rules and regulations issued under subsection (a)(1) of this section. Any such special investigator may make an arrest with or without a warrant for any offense committed upon such property in his presence or if he has reasonable ground to believe (A) the offense constitutes a felony under the laws of the United States, and (B) that the person to be arrested is guilty of that offense.

(b) Whoever shall violate any rule or regulation issued pursuant to subsection (a)(1) of this section shall be fined not more than $50 or imprisoned not more than thirty days, or both.

could be prosecuted for felony murder under the District of Columbia Code but not if the killing took place inside the bank, the Circuit Court concluded that this would be "an anomalous result, one that Congress could not conceivably have intended." *United States v. Greene, supra* at 27, 489 F.2d at 1151. Federal jurisdiction over a crime does not arise merely from ownership of the land by the United States. *United States v. Schuster*, 220 F.Supp. 61, 64 (E.D. Va.1963), citing *Waltrip v. Commonwealth*, 189 Va. 365, 53 S.E.2d 14 (1949).

We conclude that the prosecution of the appellant in Superior Court for violations of the District of Columbia Code was a permissible exercise of prosecutorial discretion, and that his motion to set aside the judgment of conviction was properly denied.

Accordingly, the judgment appealed from is

*Affirmed.*