366 So.2d 117 (1979)
Michael CREWS, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-353.
District Court of Appeal of Florida, First District.
January 4, 1979.
Rehearing Denied January 31, 1979.
Robert Stuart Willis, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOOTH, Judge.
This cause is before us on appeal from judgment of conviction entered on a plea of nolo contendere finding appellant guilty of carrying a concealed weapon in violation of Section 790.01(2), Florida Statutes (1977), and sentence of two years imprisonment. Appellant contends the trial court erred in denying his motion to dismiss the information because prosecutorial discretion, which allowed appellant to be charged under either the state statute or the municipal ordinance *118 proscribing the same offense, violated the separation of powers doctrine, denied equal protection and due process of law. We hold these contentions to be without merit.
Crews was arrested in Jacksonville, Florida, and could have been charged pursuant to § 328.206 of the Ordinance Code of the City of Jacksonville which proscribes the same conduct and carries a maximum penalty of 90 days and/or a $500 fine. However, he was charged with violating § 790.01(2), Florida Statutes (1977), which carries a maximum penalty of five years. The state attorney for the Fourth Judicial Circuit has the discretion to prosecute pursuant to the state statute or the municipal ordinance.
In Hutcherson v. U.S., 120 U.S.App.D.C. 274, 277, 345 F.2d 964, 967 (1965), cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965), the defendant was convicted of a violation of the federal narcotics statutes, proscribing the same conduct, but with a greater maximum penalty, as the Code of the District of Columbia. The court specifically rejected the defendant's equal protection argument, holding:
"Hutcherson's next contention is that he was denied due process because he was indicted and convicted under federal statutes instead of under the D.C. Code. His point is that the offenses denounced by the federal and local statutes are identical and that he was entitled to be prosecuted under the latter because the penalty for violating it is less severe than that provided by the federal statute. The theory is untenable. A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution. That choice is to be made by the United States Attorney. This was aptly stated by the Fifth Circuit in Deutsch v. Aderhold, Warden, 80 F.2d 677, 678 (1935):
`The United States attorney of the district where a violation of a federal statute occurs is charged with the duty of prosecution and vested with complete control over the proceedings, in the exercise of sound discretion. If the facts show a violation of two or more statutes, he may elect under which he will prosecute, in the absence of a prohibitory statute. * * *'"
In Davis v. U.S., 385 A.2d 757, 759 (D.C. App. 1978), the defendant pleaded guilty to a charge of operating a lottery in violation of D.C. Code 1973, Section 22-1501. Davis contended that he should have been prosecuted under 38 U.S.C. § 218 (1970) which provides criminal penalties for the offense of conducting a lottery. The sanctions imposed under the latter statute were significantly lighter than those prescribed in its counterpart in the District of Columbia Code. The court specifically rejected the defendant's equal protection argument, stating:
"Further, it is not a denial of due process or equal protection for the government to choose to prosecute under a federal statute which imposes greater penalties for the same offense than an identical District of Columbia statute, and the reasoning applies with equal force where the local statute provides greater penalties than the federal one. A defendant has no constitutional right to elect which of two applicable statutes will form the basis of his indictment and prosecution. United States v. Greene [160 U.S.App. D.C. 21, 489 F.2d 1145], supra; Hutcherson v. United States, 120 U.S.App.D.C. 274, 277, 345 F.2d 964, 967 (1965). Congress in the exercise of its power over the District of Columbia may enact laws which are similar to national legislation but which provide different penalties; it is within the discretion of the United States Attorney to determine which shall form the basis of the prosecution. United States v. Jones, 174 U.S.App.D.C. 34, 37, 527 F.2d 817, 820 (1975). Appellant thus cannot protest the government's right to elect to prosecute him under either statute."
See United States v. Shepard, 169 U.S.App. D.C. 353, 361, 515 F.2d 1324, 1332 (1975); United States v. Greene, 160 U.S.App.D.C. 21, 27, 489 F.2d 1145, 1151 (1973). The *119 Hutcherson and Davis cases uphold the exercise of prosecutorial discretion where the District of Columbia code and the Federal Statutes proscribe the same conduct. The rationale of those cases applies to the analogous fact situation here.[1] No question arises here of double jeopardy as in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), wherein convictions under both state and municipal laws for the same conduct were disallowed.
Prosecutorial discretion is inherent in our system of law. The discretion to charge under either a municipal ordinance or a state statute is but one example. Analogous is the discretion exercised by a prosecutor in determining whether to prosecute or to abandon prosecution. Another example is the discretion exercised in determining whether a person under the age of eighteen shall be prosecuted as a juvenile or as an adult. In Johnson v. State, 314 So.2d 573, 577 (Fla. 1975), the Florida Supreme Court held:
In both adult and juvenile divisions of our court system, the State Attorney is the prosecuting officer. In any particular case he may elect to prosecute or not. The prosecutorial discretion to which the appellant objects is no more than that which is inherent in our system of criminal justice. Its origin is found in the common law of England. Similarly in the Federal system the Federal courts have consistently held that the discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute.
Accordingly, the judgment below is AFFIRMED.
BOYER, Acting C.J., and MILLS, J., concur.
NOTES
[1] Judge Burger wisely points out in his concurring opinion in Hutcherson, supra:

"In my view it is sufficient to say there is no substantial difference between allowing the United States Attorney for the District of Columbia to proceed either under the municipal or the federal legislation in his discretion in allowing his counterpart in a state to bring a federal action or to defer to state authorities. To draw such a distinction would be to sanction the kind of hairsplitting judicial sophistries that undermine rather than advance a rational and fair administration of the criminal law."