PARKER, Acting Chief Judge.
Ed Miranda appeals the judgment and sentence for obtaining property in return for a worthless check in violation of section 832.05(4), Florida Statutes (1997). Miranda argues that the State did not prove a violation of section 832.05(4) because (1) the State did not establish that Miranda had the requisite intent, and (2) the check was delivered in payment of a preexisting obligation. We find merit in Miranda’s first issue and reverse with directions for the trial court upon remand to enter a judgment of acquittal in favor of Miranda.
The State’s information alleged that on or about August 4, 1998, Miranda did “draw, make, utter, issue or deliver” a check for the payment of money, “knowing at the time” that he did not have sufficient funds on deposit to pay the same. Further, the information alleged that Miranda obtained “services, goods, wares, or other things of value by means of said check.” The evidence at trial reflected that Miranda was an officer of Securities America (Securities), and both Miranda and Michael Murphy, the president of the business, signed a one-year lease for an office unit in November 1997. Miranda and Murphy also had authority to sign Securities’ checks.
On August 4, 1998, Miranda signed and delivered a business check for $700 to Securities’ landlord for the office unit’s September 1998 rent. A bank representative testified that Securities’ account contained $1,370.31 on August 5,1998, the day after Miranda delivered the check. The check was not presented to the bank until September 1998, at which time the check was dishonored by the bank.
Miranda argues that the State failed to prove that he had the intent to tender a worthless check. Section 832.05(4)(a), Florida Statutes (1997), provides, in pertinent part:
It is unlawful for any person, firm, or corporation to obtain any services, goods, wares, or other things of value by means of a check ... knowing at the time of the making, drawing, uttering, issuing, or delivering of such check or draft that the maker thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation.
(Emphasis added.) Knowledge that there are insufficient funds in the bank on which the check is drawn is an essential element of the crime of obtaining property in return for a worthless check. See State v. Berry, 358 So.2d 545, 546 (Fla.1978) (construing section 832.05(3), Florida Statutes (1975), which is renumbered as section 832.05(4)(a), Florida Statutes (1997)). This intent requirement is distinguished from the intent to defraud, which is not an element of the crime. Id.
Section 832.07, Florida Statutes (1997), provides that the delivery of a worthless check constitutes prima facie evidence of knowledge of insufficient funds under chapter 832. In this case, the State presented prima facie evidence of knowledge under section 832.07. However, Miranda rebutted the prima facie showing of knowledge under section 832.07 with the bank representative’s testimony as to the avail *1197 able funds in Securities’ bank account the day after the check was presented.
Section 832.05(7), Florida Statutes (1997), also provides for prima facie evidence of knowledge of insufficient funds in the event of “the withdrawing from deposit with the drawee named in the check ... of the funds on deposit with such drawee necessary to ensure payment of such check ... upon presentation within a reasonable time after ... delivering of a check.” The State did not establish prima facie evidence of knowledge under section 832.05(7) because the State failed to prove that Miranda withdrew money from the account in question after he delivered the check for September’s rent. While it is clear that someone withdrew money from the account, Miranda was not the only person with access to the account. Because Miranda rebutted the prima facie evidence of knowledge under section 832.07 and the State did not establish knowledge under section 832.05(7), we conclude that Miranda’s conviction is not supported by the evidence. Because this issue requires reversal, we do not reach Miranda’s argument that section 832.05(4) does not apply in this case because the rent payment was a preexisting obligation.
Finally, the State argues that, in the event this court reverses the conviction under section 832.05(4), it should remand with directions to enter a judgment finding Miranda guilty of the misdemeanor offense of issuing a worthless check. However, the State fails to cite a provision to support such a charge, and chapter 832 contains no such provision. Therefore, we conclude that the State’s argument is without merit.
Reversed and remanded with directions to the trial court to enter a judgment of acquittal.
ALTENBERND and BLUE, JJ., Concur.